IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CHARLES FLINT,

    Petitioner,

vs.                        Case No. 5:05cv198-SPM/WCS

JOSE BARRON, WARDEN,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2241 PETITION

    This cause has been assigned to the undersigned magistrate judge. Doc. 5. Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion to expedite. Docs. 1 and 2. He was ordered to either pay the filing fee or submit an application to proceed in forma pauperis. Doc. 3. He paid the filing fee.

    Petitioner seeks a writ of habeas corpus "directing Bureau of Prisons (BOP) Community Corrections Manager (CCM) Callie Farr to adhere to Warden Jose Barron's maximum 180 day period of Community Correction Center (CCC) placement recommendation . . . ." Doc. 1, attached memorandum, p. 1. Petitioner alleges that he will graduate from the Residential Drug Abuse Program (RDAP) on November 10, 2005, and is eligible for a 180 day period of CCC placement on December 13, 2005. *Id.*, p. 2; doc. 2.

Petitioner alleges that he was told that Barron recommended that he receive the maximum 180 day period of CCC placement, but Farr did not adhere to the recommendation. Doc. 1, attached memorandum, p. 3. Petitioner alleges that he was also told that Farr said "Mr. Flint was given only 60 days due to his revocation behavior: Armed Burglary & Arson." *Id. See also* Doc. 1, App. 1 (Petitioner's declaration, repeating the allegations under penalty of perjury). Petitioner asserts that he pleaded guilty in the Middle District of Florida to violating his supervised release. Doc. 1, App. 1. Presumably that was the "revocation behavior" of armed burglary and arson. Petitioner's 1994 offense in the Middle District was for possession of a firearm. Doc. 1, p. 2.

Petitioner claims that Farr's action violated BOP Program Statements (PS) 5330.10 and 7310.04, copies of which are supplied with the petition. Doc. 1, p. 3 and App. 2 and 3.[1] PS 5330.10 (5.2.2) (2) strongly encourages wardens to approve inmates for the maximum 180 day CCC placement following successful completion of the RDAP. Doc. 1, App. 2, third page.[2] In the case of administrative factors (such as bedspace limitations) or "community safety concerns," then the goal is to seek placement "as near

---

[1] Petitioner also asserts that violation of the program statements violated the holding of Cohen v. United States, 151 F.3d 1338, 1344-45 (11th Cir. 1998), *cert. denied*, 526 U.S. 1130 (1999). Doc. 1, p. 3. Cohen was a negligence case against the United States under the Federal Tort Claims Act, and is inapplicable. The referenced portion of the case noted that if a Government employee violates a mandatory regulation or guideline promulgated by an agency, then the discretionary function exception of 28 U.S.C. § 2680(a) does not apply.

[2] Petitioner has not supplied the program statements in full. The third page of App. 2 is actually PS 5330.10, Chapter 5, p. 10.

Case No. 5:05cv198-SPM/WCS

to 180 days as possible without negatively impacting bedspace limitations . . . or jeopardizing community safety." *Id.*  PS 7310.04 similarly provides that inmates should normally be considered for the maximum 180 days "if they are otherwise eligible."  App. 3, second page (subsection 4).  In the instructions for completing an institutional referral for CCC placement, staff should specify the recommended date and "shall further indicate that the CCM should not adjust that date. . . .  CCMs shall adhere to the recommended date, with any adjustment only being downward due to budget or bedspace constraints as a factor."  *Id.*, third page (Attachment B, p. 2, to the program statement).

Petitioner states that he filed a request for administrative remedy on September 23, 2005, and asks for a waiver of administrative remedies given the time periods involved for response and appeal.  Doc. 1, attached memorandum, pp. 3-4.  Presumably Petitioner has since received a response to his request, as he asserts that the CCM had 20 days to respond.  *Id.*, p. 3.

"[P]risoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements."  Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir.), *cert denied*, 541 U.S. 1036 (2004), agreeing with other circuits, citing Fuller v. Rich, 11 F.3d 61, 62 (5th Cir.1994) (other citations omitted).  While exceptions to the exhaustion requirement are appropriate where remedies are unavailable, inappropriate, or exhaustion would be "patently futile," the exceptions apply only in "extraordinary circumstances."  Fuller, 11 F.3d at 62 (citations omitted).  In Fuller the petitioner had not carried his burden of demonstrating that an administrative appeal would be futile.  *Id.*

Petitioner here has not shown any extraordinary circumstances to excuse the exhaustion requirement. He has not suggested that administrative review is unavailable or inappropriate for his request, particularly given his initiation of the process. He has not suggested or demonstrated futility. The reason advanced for waiving the exhaustion requirement is delay that may make a remedy partially moot, yet (as Petitioner himself notes) there are time limits built into the administrative process, and these deadlines prevent unreasonable delay. If a placement date indeed was specified on the referral for CCC placement, and staff specifying that date indicated that the CCM should not adjust it except downward (*see*, App. 3), then Petitioner may prevail in the administrative process. On the other hand, there may have been "community safety concerns" (particularly given the armed burglary and arson),[3] and or Petitioner might not have been "otherwise eligible" (*see*, App. 2 and 3). These are things that must first be determined through the administrative process. See Fuller, 11 F.3d at 62 ("until he actually appeals and that appeal is acted on, we do not know what the appeals board will do with" the petitioner's claim, and he has not exhausted remedies).

---

[3] *Cf.*, Cook v. Wiley, 208 F.3d 1314, 1322-23 (11th Cir. 2000) (the BOP's interpretation, that possession of a firearm by a convicted felon was not a "nonviolent offense" for purposes of early release eligibility under 18 U.S.C. § 3621(e)(2)(B), and there was no violation of due process or equal protection). Section 3621(e)(2)(B) authorizes the BOP to reduce a sentence not more than one year for a prisoner convicted of a nonviolent offense who has competed an RDAP. As noted in Cook, even if a prisoner is statutorily eligible, the decision is left solely to the discretion of the BOP and not subject to judicial review. *Id.*, at 1319 (citations omitted).

It is therefore respectfully **RECOMMENDED** that the § 2241 petition, doc. 1, be **SUMMARILY DISMISSED** for failure to exhaust administrative remedies.

**IN CHAMBERS** at Tallahassee, Florida, on November 18, 2005.

    S/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.